# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CIPRIANNA B. PRICE, <br> f/k/a Ciprianna B. Nelson, <br><br> Plaintiff, <br><br> v. <br><br> BPL PLASMA, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 18-cv-00492-SRB <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is Plaintiff's Motion for Remand. (Doc. #14). For the following reasons the motion is granted. The case is remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

## I. BACKGROUND

Plaintiff Ciprianna B. Price filed this action for discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq.*, ("MHRA") in the Circuit Court of Jackson County, Missouri, against Defendants BPL Plasma, Inc. and Leslie Anthony. Defendant BPL Plasma filed a Notice of Removal on June 25, 2018, asserting that this Court had diversity jurisdiction over the action given that the only non-diverse Defendant, Leslie Anthony, was fraudulently joined. In the Notice of Removal, Defendant BPL Plasma supports its assertion of fraudulent joinder by pointing to purported pleading deficiencies in the factual allegations against Defendant Anthony. (Doc. #1, ¶¶ 16–18). In particular, Defendants argue Plaintiff failed to state a claim against Defendant Anthony because Plaintiff failed to allege any facts showing Defendant Anthony individually discriminated against Plaintiff. On July 10, 2018, Defendant

Anthony filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). On July 24, 2018, Plaintiff filed a motion asking the Court for leave to file an amended complaint, which was granted on July 25, 2018. Also on July 25, 2018, Plaintiff filed her First Amended Complaint and the present Motion for Remand.

## II. LEGAL AUTHORITY

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Subject matter jurisdiction "is measured either at the time the action is commenced" in federal court or "at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). As we recently stated in [*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." . . . Conversely, if there is a

> reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original) (footnote omitted).

The *Filla* standard for determining fraudulent joinder is distinct from the standard under Fed. R. Civ. P. 12(b)(6) for determining failure to state a claim. A district court's fraudulent joinder analysis under *Filla* is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811). To survive a Rule 12(b)(6) motion to dismiss, on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Junk*, 628 F.3d at 445 (internal quotations omitted) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Thus, the *Filla* standard is less "demanding" on a plaintiff than the 12(b)(6) standard is. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

### III. ANALYSIS

Defendants removed this action arguing that Defendant Anthony was fraudulently joined to defeat diversity jurisdiction. Specifically, Defendants asserted that "Plaintiff does not have any possible cause of action against Ms. Anthony" under the standard set forth in *Filla*. (Doc. #1, ¶ 15). Plaintiff now moves to remand, arguing that in the Original Petition, First Amended Complaint, and accompanying affidavit she "has alleged facts which could support liability

3

under the Missouri Human Rights Act against [D]efendant Anthony." (Doc. #14, p. 1). Defendants oppose the motion to remand, arguing primarily that the propriety of removal is judged at the time of removal and that the Court should not consider Plaintiff's First Amended Complaint or accompanying affidavit in deciding this motion. Even if it is true that this Court's analysis is limited to Plaintiff's Original Petition, remand is still proper.

Defendants' position highlights the distinction between fraudulent joinder and failure to state a claim upon which relief can be granted. While Defendants cite *Filla*, the substance of their arguments relates to the standard on a Rule 12(b)(6) motion to dismiss. Defendants argue in their Notice of Removal that "[t]he Eighth Circuit has held that a plaintiff's failure to allege sufficient facts connecting an individual defendant's action to the claim bars the claim against the individual defendant." (Doc. #1, ¶ 17). However, the Eighth Circuit case law cited by Defendants further establishes that the fraudulent joinder inquiry is a question of whether a plaintiff's cause of action is colorable,[1] not whether a plaintiff's complaint contains sufficient facts to survive dismissal for failure to state a claim.

For example, Defendants cite *Simpson v. Thomure*, 484 F.3d 1081 (8th Cir. 2007), characterizing the result of that case as "finding fraudulent joinder because the plaintiff employee did not allege sufficient facts to support a state cause of action for negligence against non-diverse defendant supervisor." (Doc. #16 at 10). At the core of the fraudulent joinder issue in *Simpson*, however, was the non-diverse defendant's contention that "he was immune from suit under the Missouri Workers' Compensation Law." 484 F.3d at 1083. Here, in contrast, Defendants do not contend that Defendant Anthony is immune from suit in Missouri. *See Junk*,

---

[1] The *Filla* court noted that the term "colorable" refers to "an alleged cause of action that is reasonable," even if "speculative." 336 F.3d at 811 n.10 (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 180 (5th Cir. 2000)).

628 F.3d at 445 (holding that *Simpson*, in which the court "chose not to apply the *Filla* fraudulent joinder standard" because "the question there turned on the issue of immunity," did not apply because the non-diverse defendant made no contention that he was immune from suit in state court).

Defendants' arguments boil down to challenging the sufficiency of Plaintiff's factual allegations. In Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand, Defendants argue that Plaintiff's "Original Petition fails to state a claim against [Defendant Anthony]." (Doc #16, p. 1). Defendants make other similar arguments: "[T]he Petition does not allege that Ms. Anthony individually terminated Plaintiff's employment or directly oversaw or was actively engaged in a pattern and practice of discriminatory and/or retaliatory conduct," (Doc. #1, p. 7:18); "[t]he only well-pleaded specific allegations against Ms. Anthony . . . is [sic] that she is a Center Manager and she interviewed and hired plaintiff," (Doc. #16, p. 9); "the Original Petition does not plead factual matter alleging that Ms. Anthony terminated Plaintiff's employment or directly oversaw or was actively engaged in a pattern and practice of discriminatory and/or retaliatory conduct," (Doc. #16, p. 11) (quoting the plausibility standard from *Iqbal*); and "the Original Petition, at most, collectively alleges 'Defendants' terminated Plaintiff's employment or engaged in a pattern and practice of discriminatory and/or retaliatory conduct." (Doc. #16, p. 11). As stated above, however, the applicable standard here is *Filla*, not Rule 12(b)(6).

Defendants' arguments do not satisfy *Filla*. Even considering only the allegations in the Original Petition, Plaintiff's joinder of Defendant Anthony is not fraudulent because "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. As Defendants acknowledge, "[a]t the time of the

5

alleged discriminatory conduct and when plaintiff filed her charge of discrimination, the MHRA applied to the corporate employer and any person acting in the employer's interest, including supervisors," where such supervisors "directly oversaw or were actively involved in the discriminatory conduct." (Doc. #16, pp. 10–11) (internal quotations and citations omitted). Moreover, as Defendants point out, in addition to the two allegations in the original petition that name Defendant Anthony in particular, numerous allegations refer to "Defendants" collectively, which necessarily includes Defendant Anthony. (Doc. #1-2, pp. 6–10). This Court cannot say that "there exists no reasonable basis in fact and law supporting a claim against" Defendant Anthony. *Filla*, 336 F.3d at 810.

IV. **Conclusion**

Accordingly, Plaintiff's Motion for Remand (Doc. #14) is granted. The case is remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).


**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: August 28, 2018